Michael BAILEY; Jane Bailey; Billy Bailey, Plaintiffs–Appellees,

v.

D.H. KENNEDY; D.B. Whitley; Mike Crisp; City of Hickory, Defendants–Appellants.

No. 02–1761.

United States Court of Appeals, Fourth Circuit.

Filed Feb. 20, 2004.

WILLIAMS, Circuit Judge, concurring in the denial of rehearing en banc:

Respectfully, I disagree with Judge Widener's characterization of the panel's opinion in this case. As the panel opinion clearly reflects, the district court found, in the light most favorable to Bailey, that when Officer Whitley arrived at Bailey's home, he found Bailey eating lunch, spoke with him for approximately five minutes, and then, apparently satisfied, voluntarily left the house. *See Bailey v. Kennedy,* 349 F.3d 731, 734 (4th Cir.2003). Then, Officer Kennedy "knowing only that Officer Whitley had exited the house and that Officer Whitley said [at most] 'we're going to have to do something,' grabbed Michael almost as soon as he opened the door." *Id.* at 740. A review of the panel opinion clearly shows, contrary to my colleague's claim,

that the court's holding does not turn on Bailey's denial of the suicide report.

WIDENER, Circuit Judge, dissenting:

## I.

I respectfully dissent to the denial of en banc consideration of this important question. I address only the federal question of qualified immunity, on May 27, 1998, of police officers Kennedy and Whitley in the performance of their discretionary duty.

It is undenied and acknowledged by all that the 911 call relayed to Officers Kennedy and Whitley was that:

> Mike Bailey advised a neighbor that he is going home to commit suicide. He is intoxicated and has been depressed. Slip p. 4

The officers found Bailey at home and intoxicated and believed, in the words of Whitley, that they "had to do something," although Bailey denied that he was suicidal. Obviously, they believed, and it is undisputed that they believed, that they should take Bailey into custody, as a danger to himself, or for a mental examination.

The holding of this court at issue here is that there was no probable cause for the officers to have believed it was their obligation to take Bailey into custody.

> Without more, the 911 report cannot bear the weight that the officers would place on it. "The law does not permit random or baseless detention of citizens for psychological evaluations." Slip p. 16

The panel thus holds that when a person is reported to have expressed an intention to commit suicide, is intoxicated, and has been depressed, an investigating officer has a Constitutional obligation to walk away and leave the prospective suicide upon his simple denial of suicidal intent.

In my opinion, the officers in this case had every right to believe that they should take Bailey into their custody. Rarely, if ever, will a person, serious about suicide, admit the same upon an officer's inquiry. To require police officers, by inaction, to assume the risk of suicide is simply not reasonable, and in my opinion, is unlawful. Absent bad faith on the part of Officers Kennedy and Whitley *at the time they sought to make the arrest,* and there is no such claim here, their claims of qualified immunity ought to be sustained.

## II.

The post-factum analysis of the panel, that its "holding does not turn on Bailey's denial of the suicide report" is belied by the panel's rejection of the suicide report, as quoted above in this dissent. Just as importantly, *at the time the officers sought to take Bailey into custody,* there is nothing else for the holding of the panel to turn on. The allusion of the panel to the acts of the officers as a "random or baseless detention," is unsupported by the record, I think.